IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01323-BNB

LARRY DALE FLOYD,

      Applicant,

v.

PAM PLOUGHE, Warden,
DIRECTOR COLO. DEPT. OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Larry Dale Floyd, is currently in the custody of the Colorado

Department of Corrections (DOC) and is incarcerated at the Arrowhead Correctional

Center in Canon City, Colorado.  Mr. Floyd filed a *pro se* Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction

in Case No. 05CR408 in the Fremont County District Court of Colorado.  Mr. Floyd has

paid the $5.00 filing fee in a habeas corpus action.

In an order entered on May 23, 2012, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  After receiving an extension of time,

Respondents submitted a Pre-Answer Response on July 3, 2012.  Mr. Floyd has not

filed a Reply.

The Court must construe liberally the Application filed by Mr. Floyd because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

## I.  Background

On November 30, 2006, Mr. Floyd pled guilty to three counts of enticement of a child in exchange for the dismissal of four other counts.  Pre-Answer Resp. at Ex. A, p. 10.  In the plea agreement, the parties stipulated to concurrent prison sentences of six years to life.  Pre-Answer Resp. at 2.  On January 23, 2007, the trial court sentenced Mr. Floyd pursuant to the plea agreement.  *Id.* at Ex. A, p. 9.  Mr. Floyd did not file a direct appeal.

On June 16, 2009, Mr. Floyd filed a motion for sentence reconsideration, which the trial court denied on July 1, 2009.  *Id.*  Mr. Floyd did not file an appeal.

On October 8, 2009, Mr. Floyd filed a motion to vacate his conviction, which the trial court denied on that same day.  *Id.* at 8.  Mr. Floyd filed an appeal, and on September 16, 2010, the Colorado Court of Appeals affirmed the order of the trial court. *See People v. Larry Floyd*, (Colo. App. No. 09CA2616, Sept. 16, 2010) (unpublished opinion) (Pre-Answer Resp. at Ex. C).  The Colorado Supreme Court denied certiorari review on April 18, 2011.  *See* Pre-Answer Resp. at Ex. E.

2

Mr. Floyd initiated the instant action in this Court on May 21, 2012.  In the Application, Mr. Floyd asserts one claim, alleging that his guilty plea was not knowing, voluntary, or intelligent because the trial court failed to adequately advise him about the requirement of sex offender treatment.

## II.    Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

3

counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Floyd's criminal case became final.  The final sentence in Mr. Floyd's case entered on January 23, 2007.  Pre-Answer Resp. at Ex. A, p. 9.  Because Mr. Floyd did not file a direct appeal, the Court therefore finds that his conviction became final on March 9, 2007, forty-five days after he was sentenced.  *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  As such, the one-year statute of limitations began to run on March 10, 2007, the next business day after the conclusion of the time to appeal.  *See, e.g., Locke*, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Floyd's state court post-conviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal

4

law.  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."  *Gibson*, 232 F.3d at 804.

There were no pending post-conviction motions in Mr. Floyd's state court criminal case between March 10, 2007, and June 16, 2009, when Mr. Floyd filed his first motion for sentence reconsideration.  See Pre-Answer Resp. at Ex. A, p. 9.  Accordingly, the one year limitations period began running on March 10, 2007, and ran until it expired on March 10, 2008.  Because the one-year limitation period expired before Mr. Floyd filed his first postconviction motion on June 16, 2009, that motion, and any subsequent motions, could not have tolled the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  As such, because Mr. Floyd did not file his habeas corpus application in this Court until May 21, 2012, more than four years and two months after the limitations period expired, the Court finds that the action is untimely.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  In addition,

equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Floyd bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id*. at 977.

In the Application, Mr. Floyd argues that the timeliness of his state court post-conviction proceedings also renders his federal habeas proceedings timely. Application at 9. Although Mr. Floyd has three years to file a post-conviction motion in the state courts, *see* Colo. Rev. Stat. § 16-5-402(1) (defendant has three years from date of conviction to attack conviction collaterally), his delay in the state courts does not comport with the diligence Congress requires by imposing a one-year limitation period on federal habeas actions. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (recognizing that interaction of 28 U.S.C. § 2244(d) with state procedural rules may force a state prisoner to act expeditiously to preserve federal claims despite procedural lenience of a state law that may forgive substantial delay). In other words, even though Colorado state procedural laws allow Mr. Floyd three years to challenge his conviction, this does not change the fact that he is required under federal law to file a habeas application within one year of his conviction becoming final. *See id.* As such, the Court finds that Mr. Floyd fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this

6

Court.  Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Floyd has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Floyd files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit.

DATED at Denver, Colorado, this  31st  day of  July , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court